UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALINA V. ANDREYEV, | Case No. 2:25-cv-01394-DC-CSK PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER |
| MARCELLA TROTSIOUK, et al., | |
| Defendants. | (ECF No. 6) |

Plaintiff Galina V. Andreyev, who is proceeding pro se, brings this action against Defendants Marcella Trotsiouk; Igor Trotsiouk; Jane Doe 1, a Sacramento County Adult Protective Services ("APS") agent; Jane Doe 2, Director or Supervisor of APS in her individual and official capacities; Sacramento County APS; John Does 1 and 2, Sacramento County Sheriff's Deputies in their individual capacities; Sacramento County Sheriff's Office; and Sheriff Jim Cooper in his individual and official capacities.[1] (ECF No. 1.) Pending before the Court is Plaintiff's motion for temporary restraining order. (ECF No. 6.) Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

---

[1] This matter was referred to the undersigned by the District Judge (ECF No. 8) and proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

For the reasons that follow, the Court recommends DENYING Plaintiff's motion for temporary restraining order.

## I.     BACKGROUND

### A.     Factual Background

Plaintiff alleges in her Complaint that she has held a valid power of attorney for her mother since 2019. Compl. at 3 ¶ 19 (ECF No. 1). Plaintiff states that she witnessed multiple instances of abuse against her mother, including unlawful sedation by Defendant Marcella Trotsiouk. *Id.* at 4 ¶ 24. Plaintiff terminated Defendant Igor Trotsiouk, Marcella's husband, as a caregiver for Plaintiff's mother on January 31, 2024. *Id.* at 4 ¶ 25. Plaintiff alleges she attempted to visit her mother, but Defendants Marcella and Igor refused to allow her access, and Defendant Igor threatened Plaintiff. *Id.* at 4 ¶ 27. Plaintiff and Defendant Marcella filed multiple restraining orders against each other in state court in 2024 and 2025. *Id.* at 4 ¶ 26, 5 ¶¶ 28, 29. Plaintiff alleges that a judge invalidated Plaintiff's power of attorney due to a temporary conservatorship granted to Marcella. *Id.* at 5 ¶ 31. Plaintiff also states that during a conservatorship hearing, it was alleged that Igor held power of attorney from October 2021, but Plaintiff believes the power of attorney is fraudulent. *Id.* at 5 ¶¶ 53, 56.

Plaintiff alleges Defendants Jane Does 1 and 2 from APS failed to investigate or conduct welfare checks, and the Sacramento County Sheriff's Office failed to enforce court orders or investigate abuse reports. *Id.* at 5 ¶¶ 33-34. Plaintiff filed multiple complaints with the District Attorney, APS, and the Sheriff's Office, but no action was taken. *Id.* at 5 ¶ 35.

Plaintiff also alleges that Plaintiff's mother was taking a medication that worsened her condition, and in 2019 Plaintiff alerted her mother's physician about this issue. *Id.* at 5 ¶ 38. Plaintiff instructed Defendant Marcella not to give this medication to Plaintiff's mother, but Marcella disregarded this request. *Id.* at 6 ¶ 40. Plaintiff alleges Defendants Marcella and Igor exploited Plaintiff's mother's cognitive condition. *Id.* at 6 ¶ 44.

In April 2024, Plaintiff alleges she was granted a court order allowing her to bring

1  her mother home, but that Defendants Marcella and Igor refused to comply with the
2  order. *Id.* at 7 ¶¶ 48-49. Plaintiff contacted the Sheriff's Office and presented the court
3  order and her power of attorney, but the documents were dismissed as invalid. *Id.* at 7
4  ¶ 50. Further, Plaintiff attempted to retrieve her mother, but Defendant John Doe 2, a
5  Sheriff's deputy, responded and after speaking with Defendant Marcella, did not allow
6  Plaintiff inside the home. *Id.* at 7 ¶ 51.

Plaintiff states she was isolated from her mother for over 22 months. Pl. TRO Mot. ¶ I.2 (ECF No. 6). Plaintiff's mother is in poor health and Plaintiff believes her health is deteriorating rapidly. *Id.* ¶ I.3. Plaintiff states there is risk that her mother could pass away without Plaintiff having the opportunity to see her or ensure her well-being. *Id.* ¶ I.4.

Plaintiff brings the following claims: violation of the Fourteenth Amendment due process, "retaliation for protected activity," "interference with familial association," "state-enabled abuse/failure to intervene," denial of access to the courts, failure to enforce court orders, and fraud and misrepresentation regarding the power of attorney. Compl. at 8-9.

### B.    Procedural Background

Plaintiff filed the Complaint and a motion to proceed in forma pauperis on May 16, 2025. (ECF Nos. 1, 2.) Defendants Marcella and Igor Trotsiouk filed a motion to dismiss for insufficient service of process on August 14, 2025. (ECF No. 4.) On August 19, 2025, the Court denied Defendants' motion to dismiss as premature. (ECF No. 5.) On August 22, 2025, Plaintiff filed a motion for temporary restraining order. (ECF No. 6.) On the same day, Plaintiff filed a notice of unavailability, informing the Court that she will be out of town for a medical procedure from September 4 through September 15, 2025. (ECF No. 7.) On August 25, 2025, the District Judge referred the motion for temporary restraining order to the undersigned. (ECF No. 8.)

/ / /

/ / /

## II. DISCUSSION

### A. Plaintiff's Temporary Restraining Order Motion is Procedurally Deficient

Plaintiff moves for a temporary restraining order pursuant to Federal Rules of Civil Procedure 65 against "Defendants."

Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also set forth certain procedural mandates for a temporary restraining order to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed temporary restraining order and provision for bond; (7) a proposed order with blank for fixing time and date for a hearing; and (8) where a temporary restraining order is requested ex parte, the proposed order should also notify the affected parties of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule 231(c).

Plaintiff's temporary restraining order motion is procedurally deficient because Plaintiff has not complied with the requirement to provide notice to all affected parties. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(a) & 231(c)(5). Plaintiff has not provided any details regarding whether she has provided actual notice of her motion, whether she tried to use reasonable efforts, or whether she should not be required to provide notice. There is no reference in Plaintiff's motion, Plaintiff's declaration, or the docket regarding any such efforts. *See* Pl. Mot. TRO; Declaration of Galina V. Andreyev

(ECF No. 6-1); Docket. Defendants Marcella and Igor Trotsiouk have appeared in the case, but both parties are pro se, and there appears to be some dispute about whether the parties were served with the Complaint and Summons. *See* Docket; Def. Mot. Dismiss (ECF No. 4). There is no indication that any other Defendant has been served or has appeared in the case.

Plaintiff failed to comply with Rule 65(b)(1)(B) and Local Rule 231(c)(5) because she did not make efforts to provide notice of her motion to any Defendant, and did not provide reasons why notice to Defendants should not be required. *See* Pl. Mot. TRO; Andreyev Decl. Courts regularly deny temporary restraining orders for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte temporary restraining order"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying temporary restraining order sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same). In addition, Plaintiff's failure to comply with the Local Rules' requirements for temporary restraining orders is sufficient justification to deny the motion. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Plaintiff also did not submit the proposed orders required by Local Rule 231(c)(6)-(8).[2]

The Court therefore recommends denial of Plaintiff's temporary restraining order motion based on these procedural deficiencies.

### III. CONCLUSION

Based upon the findings above, it is RECOMMENDED that Plaintiff's Motion for

---

[2] Plaintiff's motion is titled "Proposed Temporary Restraining Order and Order for Immediate Access to Elderly Mother," however, no proposed order is included.

1  Temporary Restraining Order (ECF No. 6) be DENIED.

2      These findings and recommendations are submitted to the United States District
3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within
4  14 days after being served with these findings and recommendations, any party may file
5  written objections with the Court and serve a copy on all parties. This document should
6  be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any
7  reply to the objections shall be served on all parties and filed with the Court within 14
8  days after service of the objections. Failure to file objections within the specified time
9  may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,
10 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

12 Dated: August 27, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

15 5, andr.1394.25