1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GALINA V. ANDREYEV,                    Case No. 2:25-cv-01394-DC-CSK

12              Plaintiff,                  ORDER GRANTING IFP REQUEST AND
                                            GRANTING LEAVE TO AMEND
13        v.

14   MARCELLA TROTSIOUK, et al.,
                                            (ECF Nos. 2, 12)
15              Defendants.

16

17        Plaintiff Galina V. Andreyev is representing herself in this action and seeks leave

18   to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.)

19   Plaintiff's application in support of the IFP request makes the required financial showing.

20   Accordingly, the Court grants Plaintiff's IFP request.

21   **I.     SCREENING REQUIREMENT**

22        Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

23   proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to

24   state a claim on which relief may be granted," or "seeks monetary relief against a

25   defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*,

26   203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

27   ─────────────────

28   [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
     Civ. P. 72, and Local Rule 302(c).

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II.    THE FIRST AMENDED COMPLAINT

The First Amended Complaint ("FAC") brings this 42 U.S.C. § 1983 action against Defendants Marcella Trotsiouk, Igor Trotsiouk, Sacramento County Adult Protective Services ("APS"), Sacramento County Sheriff's Office, Sheriff Jim Cooper, and Dr. Babenko. FAC ¶¶ 6-11 (ECF No. 12). The FAC alleges Plaintiff's elderly mother, Maria Khailo, has been subjected to abuse, neglect, and unlawful medication practices by Defendants. *Id*. ¶ 2. Plaintiff alleges, while acting with a valid power of attorney for her

1    mother, she instructed Defendant Dr. Babenko to discontinue medication that was

2    causing Plaintiff's mother severe adverse effects including sedation, confusion, and

3    cognitive decline. *Id.* ¶¶ 6, 12-13. Plaintiff alleges Defendant Dr. Babenko willfully

4    refused to discontinue administering the medication, which has led to Plaintiff's mother's

5    mental deterioration and loss of clarity. *Id.* ¶¶ 14-15. Plaintiff alleges only when

6    threatened with legal action did Defendant Dr. Babenko remove Plaintiff's mother's

7    medication from her medical chart. *Id.* ¶ 16. Plaintiff alleges Defendant Dr. Babenko's

8    conduct shows deliberate indifference of Plaintiff's mother's medical needs and a

9    disregard for Plaintiff's power of attorney. *Id.* ¶ 17. Plaintiff alleges the following four

10   causes of action pursuant to Section 1983: (1) violation of due process and familial

11   association; (2) elder abuse, neglect and isolation; (3) *Monell*[2] liability; and (4) deliberate

12   indifference to serious medical needs. FAC at 3. For relief, Plaintiff seeks monetary

13   damages and injunctive relief. FAC at 4.

14   **III.    DISCUSSION**

15         **A.    Lack of Standing**

16         To the extent Plaintiff seeks to raise claims on behalf of her mother, Maria Khailo,

17   Plaintiff lacks standing to do so. To have Article III standing, a party must show (1) it has

18   suffered an "injury in fact," (2) its injury is "fairly traceable" to the defendant's actions,

19   and (3) its injury will likely be "redressed" by the action. *Lujan v. Defenders of Wildlife*,

20   504 U.S. 555, 560-61 (1992). Plaintiff appears to assert rights on behalf of her mother.

21   *See generally* FAC. To the extent Plaintiff is seeking to assert the rights of her mother,

22   Plaintiff lacks standing to do so. Plaintiff may only challenge violations of her own rights

23   that result in an actual injury. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[P]laintiff

24   generally must assert [her] own legal rights and interests, and cannot rest [her] claim to

25   relief on the legal rights or interests of third parties."). In addition, Plaintiff's alleged

26   power of attorney also does not confer standing to assert claims on her mother's behalf.

27

28   ————————————————
     2   *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

1    The Ninth Circuit has held that a power of attorney is insufficient to confer standing to

2    assert constitutional claims on behalf of another. *See Johns v. Cnty. of San Diego*, 114

3    F.3d 874, 876 (9th Cir. 1997) ("[C]onstitutional claims are personal and cannot be

4    asserted vicariously…While a non-attorney may appear pro se on his own behalf, he has

5    no authority to appear as an attorney for others than himself.") (internal quotation marks

6    and citations omitted). Therefore, to the extent Plaintiff seeks to raise constitutional

7    claims on behalf of her mother, Plaintiff lacks standing to raise such claims. *See id*.

8              **B.    Improper Defendants Under 42 U.S.C. § 1983**

9              Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of

10   action for the deprivation of rights, privileges, or immunities secured by the Constitution

11   or laws of the United States by a person acting "under color of any statute." *Gomez v.

12   Toledo*, 446 U.S. 635, 638 (1980). Section 1983 claims must demonstrate the defendant

13   (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right

14   secured by the Constitution or laws of the United States. *See Lindke v. Freed*, 601 U.S.

15   187, 194 (2024). The FAC alleges causes of action against Defendants Marcella

16   Trotsiouk, Igor Trotsiouk, and Dr. Babenko, who each appear to be private actors based

17   on the FAC's allegations. *See* FAC ¶¶ 7-8, 11-17; at 3-4.

18             Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939

19   F.2d 702, 707-08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d

20   826, 835 (9th Cir. 1999). However, a private entity's action may be "under color of state

21   law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d

22   423, 444 (9th Cir. 2002) (citation omitted). To determine whether actions committed by

23   private actors that allegedly caused the deprivation of a right are fairly attributable to the

24   state, the court must determine whether the depriving party is "a person who may fairly

25   be said to be a state actor." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d

26   916, 922 (9th Cir. 2011) (citation omitted). Courts have recognized four tests to

27   determine whether a private individual's actions amount to state action: (1) the public

28   function test; (2) the joint action test; (3) the state compulsion test; and (4) the

                                                   4

1   governmental nexus test. *Franklin*, 312 F.3d at 445. Satisfaction of any one test is

2   sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276

3   F.3d 550, 554 (9th Cir. 2002). These factors are helpful to determine the significance of

4   state involvement, but there is no specific formula to define state action. *Sutton*, 192

5   F.3d at 835-36.

6          Under the public function test, private individuals or groups become agencies of

7   the state when they are endowed by the state with powers or functions that are

8   governmental in nature. *Lee*, 276 at 554-55. Under the joint action test, courts consider

9   whether state officials and private parties have acted in concert, leading to a deprivation

10  of plaintiff's constitutional rights. *Franklin*, 312 F.3d at 445. Under the state compulsion

11  test, state action is found where the state has exerted coercive power such that the

12  private actor's decision is considered that of the state. *Johnson v. Knowles*, 113 F.3d

13  1114, 1119 (9th Cir. 1997). Under the governmental nexus test, a private party acts

14  under the color of state law if there is such a close nexus between the state and the

15  private party's action that the action is considered that of the state. *Naoko Ohno v. Yuko*

16  *Yasuma*, 723 F.3d 984, 995 n.13 (9th Cir. 2013).

17         Here, Plaintiff has not alleged sufficient facts to establish significant state

18  involvement in Defendants Marcella Trotsiouk, Igor Trotsiouk, and Dr. Babenko's

19  actions. The FAC generally alleges Defendant Marcella "acted under color of state law

20  by misusing conservatorship proceedings to isolate and abuse Maria Khalio" and that

21  Defendant Igor was a "former IHSS caregiver, whose neglect and alcoholism caused

22  harm to Maria." FAC ¶¶ 7-8. These allegations alone are not sufficient to establish state

23  action by Defendants Marcella Trotsiouk or Igor Trotsiouk. In addition, the allegations as

24  to Defendant Dr. Babenko appear to stem from Defendant Dr. Babenko's conduct as a

25  private doctor. *See* FAC ¶¶ 11-17; at 3-4. "As a general matter, private hospitals and

26  doctors are not state actors and therefore cannot be sued under § 1983." *Felix v. Casey*,

27  2021 WL 2209828, at *2 (E.D. Cal. June 1, 2021) (citing *Briley v. California*, 564 F.2d,

28  855-856 (9th Cir. 1977)). Here, Plaintiff has not pled sufficient allegations showing that

1  Defendant Dr. Babenko acted under color of state law, or the involvement of any
2  government actor, in providing medical care to Plaintiff's mother. Accordingly, Plaintiff's
3  causes of actions against Defendants Marcella Trotsiouk, Igor Trotsiouk, and Dr.
4  Babenko are dismissed with leave to amend. Plaintiff will be provided an opportunity to
5  amend her FAC, and if she can plead such facts, an amendment must allege sufficient
6  facts that Defendants Marcella Trotsiouk, Igor Trotsiouk, and/or Dr. Babenko acted
7  under color of state law.

8         **C.    Failure to Comply with Federal Rule of Civil Procedure 8**

9         The FAC does not contain a short and plain statement of a claim as required by
10  Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the
11  grounds on which they rest, a plaintiff must allege with at least some degree of
12  particularity overt acts by specific defendants which support the claims. *See Kimes v.*
13  *Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's FAC reveals it consists
14  of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim
15  for relief under Section 1983. *Iqbal*, 556 U.S. at 678.

16         42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights,
17  privileges, or immunities secured by the Constitution and laws of the United States."
18  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks
19  omitted). "Section 1983 is not itself a source of substantive rights but merely provides a
20  method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S.
21  266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable
22  § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution
23  and laws of the United States, and that the alleged deprivation was committed by a
24  person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer,* 639 F.3d
25  at 921. An individual defendant is not liable on a civil rights claim unless the facts
26  establish the defendant's personal involvement in the constitutional deprivation or a
27  causal connection between the defendant's wrongful conduct and the alleged
28  constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989);

*Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, a plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

Here, the FAC does not contain facts supporting any cognizable legal claim against the remaining defendants, specifically as to Defendants APS, Sacramento County Sheriff's Office, and Sheriff Coopper. The Court addresses each of the claims' deficiencies as it relates to Defendants APS, Sacramento County Sheriff's Office, and Sheriff Cooper.

### 1. Reference to a Prior Complaint

For each cause of action against Defendants APS, Sacramento County Sheriff's Office, and Sheriff Cooper, Plaintiff generally refers the Court to the original complaint filed. *See* FAC at 3 ("See original complaint already filed"). Plaintiff cannot support her claims by referring the Court to a prior complaint. An amended complaint supersedes a prior complaint and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Plaintiff's reliance on a prior complaint to support her claims against Defendants APS, Sacramento County Sheriff's Office, and Sheriff Cooper is insufficient to meet the pleading standards articulated in Federal Rule of Civil Procedure 8.

### 2. Defendants Sacramento County Adult Protective Services and Sacramento County Sheriff's Office

The FAC seeks to bring Section 1983 claims against Defendants APS and Sacramento County Sheriff's Department based on municipal liability. FAC at 3. "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell*, 436 U.S. at 694 (1978). To impose liability under *Monell*, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to

7

1    plaintiff's constitutional rights; and (4) the policy is the moving force behind the

2    constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing

3    *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the

4    particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of*

5    *Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563

6    U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own

7    illegal acts," and therefore to impose liability on a local government, plaintiffs must prove

8    that an "action pursuant to official municipal policy" caused their injury) (citations

9    omitted). Further, the policy at issue must be the result of a decision of a person

10   employed by the entity who has final decision or policymaking authority. *Monell*, 436

11   U.S. at 694. There must be a direct causal link between the policy or custom and the

12   injury, and a plaintiff must be able to demonstrate that his injury resulted from a

13   permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

14          Here, the FAC does not allege any facts that could support a *Monell* claim.

15   Plaintiff alleges Defendants APS "failed to protect Maria despite multiple complaints and

16   facilitated her unlawful isolation." FAC ¶ 9. Plaintiff further alleges Defendant

17   Sacramento County Sheriff's Department is "responsible for law enforcement policies

18   and practices that disregarded Plaintiff's Power of Attorney and failed to protect Maria."

19   *Id*. ¶ 10. Such conclusory allegations are insufficient to state a *Monell* claim. *See*

20   *Western Mining Council*, 643 F.2d at 624. Therefore, the claims against Defendants APS

21   and Sacramento County Sheriff's Department are dismissed with leave to amend.

22   Plaintiff will be provided an opportunity to amend her FAC, and if she can plead such

23   facts, an amendment must allege specific facts demonstrating Plaintiff's alleged

24   constitutional violations resulted from Defendants APS and Sacramento County Sheriff's

25   Department's "execution of a government's policy or custom." *Monell*, 436 U.S. at 694.

26          3.    Defendant Sheriff Jim Cooper

27          The claims against Defendant Sheriff Cooper are dismissed for failure to

28   sufficiently state a claim because the FAC provides only general allegations as to Sheriff

Cooper. The FAC as pled does not provide sufficient allegations showing Defendant

Sheriff Cooper's connection or involvement in Plaintiff's alleged violations. *See generally*

FAC. As best as the Court can tell, Plaintiff appears to name Defendant Sheriff Cooper

in his supervisory capacity of the Sacramento County Sheriff's Department. *See* FAC

¶ 10. Plaintiff alleges Defendant Sheriff Cooper is "responsible for law enforcement

policies and practices that disregarded Plaintiff's Power of Attorney and failed to protect

Maria." *Id*. "A supervisor is only liable for constitutional violations of his subordinates if

the supervisor participated in or directed the violations, or knew of the violations and

failed to act to prevent them. There is no respondeat superior liability under section

1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Though all claims against

Defendant Sheriff Cooper are dismissed, leave to amend will be provided. Plaintiff will be

provided an opportunity to amend her FAC, if she can, to allege specific facts

demonstrating Defendant Sheriff Cooper's connection to or involvement in the alleged

violations.

### D.    Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se

litigant's complaint must give fair notice and state the elements of a claim plainly and

succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In

light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could

allege additional facts to state Section 1983 claims against one or more of the named

defendants, the Court finds it appropriate to grant Plaintiff an opportunity to amend the

First Amended Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to

dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an

opportunity to cure if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts

establishing the existence of federal jurisdiction and must contain a short and plain

statement of Plaintiff's claim. *See* Fed. R. Civ. P. 8. The allegations of the complaint

must be set forth in sequentially numbered paragraphs, with each paragraph number

being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey*, 693 F.3d at 927. The amended complaint should be titled "Second Amended Complaint."

## IV.    CONCLUSION

In accordance with the above, IT IS ORDERED that:

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.    Plaintiff's First Amended Complaint (ECF No. 12) is DISMISSED without prejudice with leave to amend; and

3.    Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff

1       fails to timely comply with this order, the undersigned may recommend that

2   this action be dismissed.

3

4   Dated:  September 8, 2025

5                                                                                _____

6                                                                                CHI SOO KIM
                                                                                 UNITED STATES MAGISTRATE JUDGE

7   4, andr1394.25

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28