UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALINA V. ANDREYEV,<br><br>                    Plaintiff,<br><br>      v.<br><br>MARCELLA TROTSIOUK, et al.,<br><br>                    Defendants. | Case No. 2:25-cv-01394-DC-CSK<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(ECF No. 15) |

Plaintiff Galina V. Andreyev is representing herself in this action and has filed a Second Amended Complaint ("SAC").[1] SAC (ECF No. 15). The Court previously granted Plaintiff's application to proceed in forma pauperis ("IFP"), dismissed the First Amended Complaint, and granted Plaintiff leave to amend. 9/8/2025 Order (ECF No. 13). For the reasons that follow, the Court recommends that the SAC be dismissed without leave to amend for failure to state a claim.

I.      SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

II.    **DISCUSSION**

Plaintiff brings this 42 U.S.C. § 1983 action against Defendants Marcello Trotsiouk, Igor Trotsiouk, Sheriff Jim Cooper, Sheriff Deputy Howz (#61), Sheriff Deputy Larson (#129), Sacramento County Sheriff's Office, Sacramento County Adult Protective Services Director/Supervisor Jane Doe 1, Sacramento County Adult Protective Services

2

Worker Natalie, Sacramento County Adult Protective Services, and Dr. Mykhaylo Babenko. SAC at 2, 6. Plaintiff alleges the following causes of action: (1) violation of due process and familial association pursuant to 42 U.S.C. § 1983 against Defendants Sheriff Deputy Larson (#129), Sheriff Deputy Howz (#61), Sacramento County Sheriff's Office, Sacramento County Adult Protective Services, Marcello Trotsiouk, and Igor Trotsiouk; (2) retaliation and abuse of process pursuant to 42 U.S.C. § 1983 against Defendant Marcello Trotsiouk and Igor Trotsiouk; (3) *Monell*[2] liability against Defendants Sacramento County Sheriff's Office and Sacramento County Adult Protective Services; (4) failure to train and supervise against Defendant Sheriff Cooper; (5) individual liability against Defendants Sheriff Deputy Howz (#61) and Sheriff Deputy Larson (#129); and (6) conspiracy to violate civil rights pursuant to 42 U.S.C. § 1983 against Defendants Marcello Trotsiouk, Igor Trotsiouk, Sheriff Deputy Howz (#61), Sheriff Deputy Larson (#129), Sacramento County Adult Protective Services, and Dr. Babenko. *Id*. at 12-13. For relief, Plaintiff seeks monetary damages, injunctive relief, and other forms of relief. *Id*. at 14.

### A.   Federal Rule of Civil Procedure 8

Plaintiff's SAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's SAC reveals it consists of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim for relief. *Iqbal*, 556 U.S. at 678.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks

---

[2]   *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

1.      *Defendants Marcello Trotsiouk, Igor Trotsiouk, and Dr. Babenko*

Plaintiff raises claims under 42 U.S.C. § 1983 against Defendants Marcello Trotsiouk, Igor Trotsiouk, and Dr. Babenko, who each are alleged to be private actors. *See* SAC at 8-12. Plaintiff alleges these Defendants "colluded with" Defendants Sheriff Deputy Howz (#61), Sheriff Deputy Larson (#129), Sacramento County Sheriff's Office, and Sacramento County Adult Protective Services in "misusing public authority and court processes to isolate Plaintiff from her mother" despite Plaintiff being granted visitation rights of her mother through a state court conservatorship. *Id*. at 9-12. Plaintiff further alleges these Defendants acted "under color of state law or in joint action" by depriving Plaintiff of her constitutional rights by blocking Plaintiff from seeing her mother despite a valid court order, retaliating against Plaintiff for exercising her rights, and conspiring to "misuse state authority." *Id*. at 12-13.

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr*., 192 F.3d 826, 835 (9th Cir. 1999). However, a private entity's action may be "under color of state

4

law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002) (internal quotation marks and citation omitted). To prove a conspiracy between a state actor and a private actor, a plaintiff must show "an agreement of meeting of the minds to violate constitutional rights." *Id*. at 441 (internal quotation marks and citation omitted). Here, Plaintiff's allegations do not support a meeting of the minds between Defendants Marcello Trotsiouk, Igor Trotsiouk, and Dr. Babenko and the state actors in preventing Plaintiff from visiting her mother. Plaintiff's conclusory allegations do not indicate Defendants Marcello Trotsiouk, Igor Trotsiouk, and Dr. Babenko are subject to liability under Section 1983 as private actors.

Accordingly, the Court recommends Plaintiff's Section 1983 claims against Defendants Marcello Trotsiouk, Igor Trotsiouk, and Dr. Babenko be dismissed without leave to amend because Plaintiff has already been provided with an opportunity to amend and further amendment would be futile. *See Cato v. United States,* 70 F.3d 1103, 1105-06 (9th Cir. 1995).

2.    *Defendants Sacramento County Sheriff's Office and Sacramento County Adult Protect Services*

The SAC brings Section 1983 claims against Defendants Sacramento County Sheriff's Office and Sacramento County Adult Protective Services based on municipal liability. Plaintiff generally alleges that these Defendants acted under color of state law and "maintained policies or customs of disregarding valid [power of attorney], ignoring elder isolation, and failing to enforce court orders." SAC at 12-13.

"In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell*, 436 U.S. at 694). To impose liability under *Monell*, a plaintiff must show that (1) she was deprived of a constitutional

right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070. Here, the SAC does not allege any facts that could support a *Monell* claim. Plaintiff's conclusory allegations are insufficient to establish municipal liability under Section 1983. *See Western Mining Council*, 643 F.2d at 624. Because Plaintiff fails to identify any particular policy these Defendants were following when Plaintiff's alleged constitutional rights were violated, the Complaint fails to establish any viable basis for municipal liability.

Accordingly, the Court recommends Plaintiff's Section 1983 claims against Defendants Sacramento County Sheriff's Office and Sacramento County Adult Protective Services be dismissed without leave to amend because Plaintiff has already been provided with an opportunity to amend and further amendment would be futile. *See Cato,* 70 F.3d at 1105-06.

                    3.    *Defendants Sheriff Deputy Howz (#61) and Sheriff Deputy Larson (#129)*

The SAC alleges three Section 1983 claims against Defendants Sheriff Deputy Howz (#61) and Sheriff Deputy Larson (#129) for violation of due process and familial

6

association (Claim 1), individual liability (Claim 5); and conspiracy to violate civil rights (Claim 6). Plaintiff alleges these Defendants failed to enforce a court order on April 18, 2024 and told Plaintiff she could not enter Defendant Marcella Trotsiouk's residence to see her mother because Defendant Marcella Trotsiouk had refused Plaintiff from entering her residence. SAC at 9, 10. Plaintiff further alleges these Defendants "falsely represented that [Defendant Igor Trotsiouk] held a valid power of attorney" and did not exercise due diligence to verify the validity of his power of attorney. *Id*. at 10. Under the Fourteenth Amendment, "official conduct that shocks the conscience in depriving [family members] of [a liberty interest in the companionship and society of a family member] is cognizable as a violation of due process." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) (internal quotation marks and citation omitted). Here, Plaintiff's general allegations to not rise to the level that "shocks the conscious" based on the asserted allegations. Moreover, there are no allegations establishing "the existence of an agreement or meeting of the minds to violate constitutional right" to establish a conspiracy under Section 1983. *See Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999) (internal quotation marks and citation omitted).

Accordingly, the Court recommends Defendants Sheriff Deputy Howz (#61) and Sheriff Deputy Larson (#129) be dismissed without leave to amend.

4. *Defendant Sheriff Jim Cooper*

Plaintiff generally alleges Section 1983 claims against Defendant Sheriff Cooper based on a failure to train and supervise theory. SAC at 12-13. Plaintiff alleges Defendant Sheriff Cooper failed to supervise and train his deputies who refused to enforce court orders. *Id*. at 13. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under Section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There are no allegations that Defendant Sheriff Cooper was personally involved in the alleged violation of Plaintiff's constitutional rights and Plaintiff's general allegation that Defendant

Sheriff Cooper failed to supervise and train deputies is insufficient to impose supervisor liability on Defendant Sheriff Cooper under Section 1983.

Accordingly, the Court recommends Plaintiff's Section 1983 claims against Defendant Sheriff Cooper be dismissed without leave to amend because Plaintiff has already been provided with an opportunity to amend and further amendment would be futile. *See Cato*, 70 F.3d at 1105-06.

> 5.    *Defendants Sacramento County Adult Protective Services Director/Supervisor Jane Doe 1 and Sacramento County Adult Protective Services Worker Natalie*

Although named in the SAC, there are no allegations raised against Defendants Sacramento County Adult Protective Services Director/Supervisor Jane Doe 1 and Sacramento County Adult Protective Services Worker Natalie, nor does Plaintiff allege a specific claim against these Defendants. *See generally* SAC. Accordingly, dismissal of these Defendants is appropriate for failure to state a claim.

Accordingly, the Court recommends Defendants Sacramento County Adult Protective Services Director/Supervisor Jane Doe 1 and Sacramento County Adult Protective Services Worker Natalie be dismissed without leave to amend.

**B.    Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato*, 70 F.3d at 1106 ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after

careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, Plaintiff has amended her complaint twice. *See* ECF Nos. 12, 15. The Court also provided Plaintiff a detailed explanation of the deficiencies in her First Amended Complaint. *See* 9/8/2025 Order. Despite this, Plaintiff has been unable to cure the deficiencies and allege sufficient facts to state a claim against any defendant. Accordingly, the Court finds that further amendment would be futile. The SAC should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*, 70 F.3d at 1105-06.

## III.    CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.    Plaintiff's Second Amended Complaint (ECF No. 15) be DISMISSED without leave to amend; and

2.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 4, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, andr1394.25

9